# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHARLES N. JOHNSON III,<br>　　Plaintiff,<br><br>　　　　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br>　　Defendant. | )<br>)<br>)<br>)　　CAUSE NO.: 2:16-CV-346-JEM<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Charles Johnson on July 27, 2016, and the Social Security Opening Brief of Plaintiff [DE 19], filed on January 13, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 20, 2017, the Commissioner filed a response, and on May 5, 2017, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

## I.　　Background

On October 1, 2012, Plaintiff filed an application for benefits alleging that he became disabled on May 1, 2009. Plaintiff's application was denied initially and upon reconsideration. On June 27, 2014, Administrative Law Judge ("ALJ") Edward P. Studzinski held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On September 24, 2014, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.　　The claimant met the insured status requirements of the Social Security Act through June 30, 2015.

2.　　The claimant has not engaged in substantial gainful activity since May 1, 2009, the alleged onset date.

3. The claimant has severe impairments: vasovagul syncope, chronic obstructive pulmonary disorder (COPD), and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, and crouch, and frequently crawl. The claimant cannot drive at work, and he cannot work around unprotected heights, exposed flames, or unguarded bodies of water. He cannot have concentrated exposure to unguarded hazardous machinery. He should have no more than moderate exposure to pulmonary irritants, meaning that exposure cannot be concentrated or prolonged.

6. The claimant is capable of performing past relevant work as an inspector general and as a purchasing clerk. This work does not require the performance of work-related activities precluded by the claimant's RFC.

7. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2009, through the date of the decision.

On June 15, 2016, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard or Review**

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will

reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must

3

"'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ erred in his analysis of Plaintiff's limitations and improperly discounted Plaintiff's testimony and the opinion of Plaintiff's treating physician. The Commissioner argues that the ALJ's decision is supported by substantial evidence.

Plaintiff argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician. "A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96–5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."); *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[W]henever an ALJ does reject a

4

treating source's opinion, a sound explanation must be given for that decision.").

In this case, Dr. Malm, Plaintiff's primary care physician, completed a questionnaire addressing Plaintiff's pulmonary impairments. A.R. 522-528. He specifically addressed work-related imitations and opined that Plaintiff could only sit for four hours in an eight-hour workday and stand or walk for up to two hours. Dr. Malm stated that Plaintiff's symptoms interfere with his attention and concentration frequently and that Plaintiff would likely need to be absent from work more than three times per month as a result of his impairments and/or treatment for them. The ALJ gave "little weight" to this medical source statement because "the records do not support the extensive limitations." The ALJ did not point out what records are inconsistent with Dr. Malm's analysis or identify any medical source to whom he gave more than "little weight."

Because the ALJ failed to give controlling weight to Plaintiff's treating physician, he was required to analyze the following factors to describe what weight to give it: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6); *see also Punzio*, 630 F.3d at 710 ("[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision."). The ALJ mentioned that Dr. Malm is a primary care provider, but did not address the length or extent of the treating relationship. Nor did he address the consistency of Dr. Malm's opinion with those of other examining and treating physicians in the record beyond a generic reference to "the medical evidence

5

of record."

Similarly, the ALJ discounted Plaintiff's statements about his own limitations as "not entirely credible" on the basis of his medical history. Apparently as examples of inconsistency, the ALJ mentioned that Plaintiff regularly refilled his COPD medication and continued to receive diagnoses of COPD from treating physicians and specialists. The ALJ also concluded that Plaintiff's allegations regarding the frequency and intensity of his vasovagal episodes were unsupported by medical records, apparently because no physician was able to pinpoint exactly what was causing them or treat them effectively. The ALJ did not specifically point to any medical evidence indicating that Plaintiff does not suffer from COPD or vasovagal episodes as claimed, and did not cite to the opinion of any treating or examining physician who questions those diagnoses or opines that Plaintiff's limitations are less than those reported by Plaintiff or his treating physician. Instead, the ALJ described medical tests demonstrating "marked sinus bardycardia" and monitoring that showed "two episodes of reported dizziness associated with sinus bardycardia" in a twenty-four hour period, as well as "occasional premature ventricular contractions and occasional premature atrial contractions." The ALJ did not explain how these test results and a diagnosis of vasovagal syncope mean that Plaintiff is not as impaired as he claims.

It appears that the ALJ may be conflating the refilling of partially successful medication and test results ruling out some possible causes of Plaintiff's impairments with completely successful treatment and an ability to work. The Seventh Circuit Court of Appeals has warned ALJs against cherry-picking evidence in the record to find improvement. "An ALJ cannot rely only on the evidence that supports her opinion." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *see also Scrogham v. Colvin*, 765 F.3d 685,

698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). It also raises concerns that the ALJ is substituting his own judgment for that of trained medical professionals. *See Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *see also Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Likewise, the ALJ referred to Plaintiff's ability to maintain some activities of daily limiting as a reason to discount his professed limitations, even while stating that those activities were done more slowly than before and with rest breaks, and "are not the equivalent of competitive work." This conclusion is both troubling and illogical, as much as it is common among ALJs. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as []he would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."); *see also Punzio*, 630 F.3d at 712 (explaining that a plaintiff's ability to complete activities of daily living does not mean that she can manage the requirements of the workplace). In short, it appears that the ALJ discounted or ignored any evidence that did not support her conclusion.

7

*Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) ("In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling.") (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996)); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003).

Although medical evidence, including that from a treating physician, "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions," *O'Connor-Spinner*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case. The Court is unable to follow the reasoning behind the ALJ's conclusion that the opinion of Plaintiff's treating physician is inconsistent with other medical evidence, despite not giving more than "little weight" to the opinion of any medical source in the record; a problem that is particularly concerning given the importance of treating physician opinions on issues of residual functional capacity.

On remand, the ALJ is reminded of the directive to give controlling weight to the opinion of a treating physician, particularly when he specifically opines on the claimant's ability to work, if it is supported by other evidence of record. A finding that the opinion is unsupported requires thorough explanation, and all limitations must be incorporated into the RFC, with explanation of how the medical evidence supports the limitations or lack thereof.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Social Security Opening Brief of Plaintiff [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 20th day of September, 2017.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:    All counsel of record